UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61565 RUIZ/STRAUSS

**LAND TRUST SERVICE CORPORATION,** *et al.*,

    Plaintiffs,

v.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC.,** *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before me on Veripro Solutions, Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A.'s (collectively, "Defendants") Joint Motion to Dismiss ("Motion") (DE 55). The District Court referred the Motion to me, pursuant to 28 U.S.C. § 636(b)(1)(A), to take all action as required by law. I have reviewed Defendants' Motion, Land Trust Service Corporation and Julio Chang's (collectively, "Plaintiffs'") response (DE 32),[1] Defendants' reply (DE 45), and all other the relevant portions of the record. Following that review, I respectfully **RECOMMEND** that the District Court **REMAND** the case based on a finding that Plaintiffs lack standing to pursue their claims and that the Court therefore lacks subject matter

---

[1] Defendants initially filed their motion to dismiss on September 1, 2021. *See* (DE 21). However, after the Clerk's office instructed Plaintiffs to refile certain unreadable *attachments* to this motion (DE 51-53), Defendants elected to strike their original motion (DE 54) and refile their motion on January 14, 2022. *See* (DE 55). Although Defendants made several changes, their re-filed motion largely remained the same. Plaintiffs neither objected nor responded to this re-filed motion. Thus, given Plaintiffs' non-response to this refiled motion, I will treat Plaintiffs' response to the previous motion to dismiss as a response to the instant motion to dismiss.

jurisdiction. I further **RECOMMEND** that Defendant's Motion (DE 55) consequently be **DENIED AS MOOT**.

## BACKGROUND

On August 25, 2006, Chang executed a $516,000.00 promissory note in favor of Countrywide Home Loans, Inc. ("Countrywide"). (DE 1-3 at 18). This promissory note was secured by mortgages signed by Chang on the same date. (DE 59-1 at 12-29). Both loans encumbered the following property: 5951 NE 18th Terrace, Fort Lauderdale, Florida 33308 ("the Property"). Chang executed a warranty deed on May 9, 2007, transferring his interest in the property to Land Trust Service Corporation ("Land Trust"). (DE 55-2).[2] This deed was recorded in the public records of Broward County, Florida on May 25, 2007. (DE 55-2). On March 8, 2012, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide and its successors and assigns, assigned the mortgage securing the promissory note to Bank of America, N.A. ("BoA"). (DE 1-3 at 16). This assignment was recorded in the public records of Broward County, Florida on April 19, 2012. (DE 1-3 at 16). On October 20, 2013, BoA assigned the mortgage to U.S. Bank, N.A. ("U.S. Bank").[3] (DE 1-3 at 18). This assignment was recorded in the public records of Broward County, Florida on October 29, 2013. (DE 1-3 at 18).

On the date Chang executed the promissory note (August 25, 2006), he also executed a $64,500.00 home equity line of credit ("HELOC") in favor of Countrywide. *See* (DE 1-3 at 20). This HELOC was also secured by a mortgage signed by Chang. *See* (DE 1-3 at 20). On August

---

[2] Although some of the facts detailed herein are outside of the Complaint, I consider them to the extent Defendants bring a factual, not just facial, attack on Plaintiffs' standing. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). However, as described below, were I to consider only the allegations in the Complaint, I would still conclude that those allegations are insufficient to establish Plaintiffs' standing.

[3] U.S. Bank was serving in its capacity as trustee for the holders of the JP Morgan Alternative Loan Trust 2006-A6.

16, 2018, MERS, as nominee for Countrywide and its successors and assigns, assigned the mortgage securing the HELOC to Veripro Solutions, Inc. ("Veripro"). (DE 1-3 at 20). This assignment was recorded in the public records of Broward County, Florida on August 20, 2018. (DE 1-3 at 20).

On August 15, 2016, after Chang defaulted on his loans, U.S. Bank filed a foreclosure action in the Seventeenth Judicial Circuit (CACE-16-014981). (DE 59-1 at 1-8). A Final Judgment of Foreclosure was entered in favor of U.S. Bank on January 28, 2020. (DE 1-5). Chang appealed the foreclosure judgment to the Fourth District Court of Appeal. (DE 59-2). The Fourth District Court of Appeal upheld U.S. Bank's judgment and issued its mandate. (DE 59-3).

On June 1, 2021, Plaintiffs filed a Complaint against MERS, BoA, and Veripro in the Seventeenth Judicial Circuit. (DE 1-3 at 3-12). Plaintiffs filed their three-count Complaint, pursuant to section 817.535, Florida Statutes, to invalidate the assignments recorded on April 19, 2012, October 29, 2013, and August 20, 2018, respectively. (DE 1-3 at 4-5). Plaintiffs contend that the assignments recorded on April 19, 2012 and August 20, 2018, contain false and fraudulent statements because Countrywide ceased to exist on June 30, 2008. (DE 1-3 at 5). According to Plaintiffs, MERS could not act as the authorized agent for Countrywide because Countrywide no longer existed on the date of the assignments. Regarding the assignment recorded on October 29, 2013, Plaintiffs contend that it contains a false and fraudulent representation because the trust (The JP Morgan Alternative Loan Trust 2006-A6) could not acquire any new assets after 2006. (DE 1-3 at 9). Plaintiffs seek a determination that the three recorded assignments were intended to defraud and were thus void *ab initio*. (DE 1-3 at 7, 10, 13). For these alleged violations, Plaintiffs demand actual damages, punitive damages, a civil penalty of $2,500.00 per instrument, and attorney's fees. (DE 1-3 at 8-9, 10-11, 13-14).

On July 29, 2021, Defendants removed the action to this Court based on diversity of citizenship. (DE 1). Rather than respond to Plaintiffs' Complaint, Defendants filed the instant Motion. (DE 55). In their Motion, Defendants argue that the Complaint should be dismissed with prejudice for the following reasons: statute of limitations, lack of standing (to bring this action and to challenge the assignments), res judicata, non-applicability of section 817.535, and failure to state a fraud claim with particularity. (DE 55 at 6-17).

## ANALYSIS

Defendants argue that the Court should dismiss Plaintiffs' complaint with prejudice because Plaintiffs lack standing. I agree that the Court must conclude (at least based on the current record) that Plaintiffs lack standing, as explained further below. However, the necessary consequence is remand, not dismissal.

The Constitution limits federal courts' jurisdiction to deciding actual "Cases" or "Controversies." U.S. Const., Art. III, § 2; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The doctrine of "standing" is central to ensuring that federal courts remain within these jurisdictional limits. *See Spoeko*, 578 U.S. at 338. As a constitutional minimum, standing requires three elements: (1) the plaintiff has suffered an "injury-in-fact"; (2) there is "a causal connection between the asserted injury-in-fact and the challenged action of the defendant"; and (3) "the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 540 U.S. 555, 560-61 (1992). Importantly, "the party invoking federal jurisdiction bears the burden of establishing these elements." *Id*. at 561. Therefore, where, as here, the case has been removed from state court, it is the removing defendant that "must demonstrate standing for each claim [the plaintiff] seeks to press and for each form of relief that is sought." *Mack v. USAA Casualty Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021) (quoting *Davis*

*v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). Absent the defendant carrying this burden, and thus establishing that the federal court has subject matter jurisdiction, the federal court is required to remand the case to state court. *Id*. at 1359. Moreover, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id*. (quoting *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

Here, Defendants do not attempt to carry their burden to establish that Plaintiffs have standing. To the contrary, they affirmatively argue that Plaintiffs lack standing to challenge the mortgage assignments because Plaintiffs are not a party to any of the assignments.[4] The fact that the party with the burden to establish standing itself urges the Court to find a lack of standing alone counsels that remand is appropriate, as it amounts to a (perhaps inadvertent) admission by Defendants that they never should have removed the case in the first place. In response, Plaintiffs seemingly note Defendants' obligation to establish standing (DE 32 at 17) but contend that the unique provisions of section 817.535, Florida Statutes granted Plaintiffs standing. The Court cannot conclude that Plaintiffs have standing because the allegations in the Complaint (even as further elucidated by the parties' arguments) fail to establish a concrete injury-in-fact, causal connection, or redressability.

Section 817.535(8) states that "[a]ny person adversely affected by an instrument filed in the official record which contains a materially false, fictitious, or fraudulent statement or representation has a civil cause of action under this section." Plaintiffs' Complaint alleges that Land Trust owns the Property at issue and that Chang is the former owner. It then alleges that "Plaintiffs are persons who were adversely affected by the recordation of" the 2012 and 2013

---

[4] The 2012 Assignment was between MERS and BoA, the 2013 Assignment was between BoA and U.S. Bank, and the 2018 Assignment was between MERS and Veripro.

assignments of mortgage challenged in Counts 1 and 2. (DE 1-3 at 5, 8).[5] While these allegations track § 817.535(8)'s statutory language, they are wholly conclusory. The Complaint makes no attempt whatsoever to explain how Plaintiffs were "adversely affected" or what form this adverse effect took. Plaintiff's response to the Motion does not clarify the theory of standing either. Plaintiffs merely cite back to § 817.535(8)'s grant of a civil action right to "any person adversely affected" by recordation of an instrument containing materially false statements. (DE 32 at 17-18).

      Such allegations are insufficient to establish a concrete injury-in-fact. First, it is clear that "injury in fact is a constitutional requirement" and that a legislature cannot "erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, 578 U.S. at 339. Thus, regardless of § 817.535(8)'s reference to one being "adversely affected," Article III standing requires this adverse effect to amount to an injury-in-fact – that is, "an invasion of a legally protected interest that is <u>concrete and particularized</u> and <u>actual or imminent</u>, not conjectural or hypothetical." *Id.* (internal quotations and citations omitted) (emphasis added). Moreover, while "general factual allegations of injury can suffice" at the pleadings stage, those "general factual allegations must plausibly and clearly allege a concrete injury." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020) (internal quotations and citations omitted). "Mere conclusory statements do not suffice." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rather the "'litigant must clearly and specifically set forth facts' to satisfy the requirements of Article III." *Id.* at 924-25 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Furthermore, a federal court may not "imagine or piece together an injury sufficient to give [a] plaintiff standing when it has demonstrated none," or

---

[5] The Complaint fails to make even this conclusory allegation as to the 2018 assignment of mortgage challenged in Count 3.

"create jurisdiction by embellishing a deficient allegation of injury." *Id*. at 925 (quoting *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229–30 (11th Cir. 2000)).

Again, the vague, bare allegations in the Complaint leave the Court to conjecture what concrete injury Plaintiffs believe they have suffered. Defendants, through their Motion and the attachments thereto, frame the Complaint as Plaintiffs' attempt to undermine the foreclosure action on the Property (both arguing that such challenges to the validity of the mortgage assignments could have and should have been brought as defenses in the state foreclosure action and citing cases indicating that Plaintiffs would not have had standing to bring such challenges). Plaintiffs, for their part, appear to disclaim the notion that their Complaint is an attack on the foreclosure action. *See* DE 32 at 2-4 (generally); 4 ("Plaintiffs' claims are directed to instruments (assignments of mortgage) recorded in official records; they do not arise from the transaction (the mortgage) giving rise to the foreclosure action."); 16 ("Plaintiffs' claims under § 817.535 are not 'essentially connected' to the mortgage and promissory note giving rise to the foreclosure action."); 19 (emphasizing that Plaintiffs have made no claims that the challenged transfers voided the mortgage on the Property). Indeed, the Complaint makes no mention of the foreclosure proceedings at all. However, if the challenges raised by Plaintiffs' Complaint do not affect the foreclosure action, then it is difficult to see how the allegedly fraudulent mortgage assignments caused Plaintiffs any concrete injury, much less one that can be redressed by the current action or that is not moot in light of the foreclosure on the Property.[6] And, again, Plaintiffs' response to the Motion does not provide any further explanation or theory of the injury they have suffered. At any rate, the Court

---

[6] To the extent the Court may consider the facts demonstrated by the attachments to Defendants' Motion, it is especially difficult to hypothesize what concrete injury Chang has suffered, having transferred his interests in the Property five years before the first allegedly fraudulent mortgage assignment.

may not "imagine or piece together an injury" and must resolve any doubts about jurisdiction in favor of remand. *See Muransky*, 979 F.3d at 925; *Mack*, 994 F.3d at 1359.

For the foregoing reasons, the Court must conclude that Plaintiffs lack standing and that the Court therefore lacks subject matter jurisdiction over this matter. Lacking subject matter jurisdiction, the Court should remand the case to state court and should not consider the other arguments raised in the Motion.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **REMAND** this case to the state court and **DENY AS MOOT** Defendant's Motion (DE 55).

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 21st day of March 2022.

Jared M. Strauss
United States Magistrate Judge